United States District Court
Southern District of Texas
**ENTERED**
April 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.B. BLACK, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-0028 |
| | § | |
| NEWREZ LLC, ET AL., | § | |
| *Defendants.* | § | |

# MEMORANDUM AND RECOMMENDATION

This pro se foreclosure case is before the Court on Plaintiff's Motion for Default Judgment.[1] ECF 23. Having reviewed the parties' submissions and the law, the Court RECOMMENDS that Plaintiff's Motion be DENIED.

## I.     Procedural Background

Plaintiff, J.B. Black, initiated this case by filing "Plainitff'[s] Original [Petition] for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief" on November 16, 2023 in the 125th District Court of Harris County, Texas. ECF 1-1 at 3-12. Plaintiff alleges that on December 31, 2018 he borrowed $575,000[2] to purchase his house at 5810 Stratton Woods, Spring, Texas 77389 (the Property) and executed a promissory note and deed of trust to secure the

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 27. The Court has ruled that ECF 16 is Plaintiff's operative pleading in this case.

[2] The deed of trust reflects the loan amount was actually $517,500.00. ECF 20-1 at3.

loan.  Plaintiff sued Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing (Shellpoint) and Wilmington Savings Fund Society, FSB, (not in its individual capacity but solely as Trustee for IRP Fund II Trust 2A (Wilmington)) for injunctive and declaratory relief to avoid foreclosure on the Property.  *Id.*  Wilmington is the assignee of the deed of trust and Shellpoint is the loan servicer.  ECF 20-2 at 9-10 (assignment to Wilmington); ECF 20-7 (Shellpoint notices of default).  On January 4, 2024, Defendants removed the case to federal court based on diversity jurisdiction.  ECF 1.  This Memorandum and Recommendation disposes of Plaintiff's Motion for Default Judgment.  The matter has been fully briefed and is ripe for determination.

## II.   Analysis

In order to obtain a default judgment, a plaintiff must establish:  (1) a default resulting from the defendant's failure to plead or otherwise respond to a complaint within the time required by Federal Rule of Civil Procedure 12; (2) a clerk's entry of default based on an affidavit or other filing according to Federal Rule of Civil Procedure 55(a); and (3) an application for default judgment based on entry of default.  *Great Am. Ins. Co. v. Teel Mgmt. Grp., Inc.*, No. 6:22-CV-00257, 2023 WL 131103, at *1 (E.D. Tex. Jan. 9, 2023).

Plaintiff's purported "Motion for Default Judgment" claims that Shellpoint has committed various violations, most of which have nothing to do with the subject

matter of this case, such as copyright infringement, securities fraud, and "dishonor of Ecclesistical Deed Poll." ECF 23 at 1-2. The Motion was not filed in accordance with Federal Rule of Civil Procedure 55— it fails to assert that Shellpoint was properly served and has failed to appear and defend this case. Plaintiff has not obtained a clerk's entry of default. In fact, Shellpoint filed an Answer on January 11, 2024. ECF 5. The Motion for Default Judgment is wholly without legal or factual basis and should be dismissed.

### III.  Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 02, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge