United States District Court
Southern District of Texas
**ENTERED**
April 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.B. BLACK, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-0028 |
| | § | |
| NEWREZ LLC, ET AL., | § | |
| *Defendants.* | § | |

# MEMORANDUM AND RECOMMENDATION

This pro se foreclosure case is before the Court on Plaintiff's Amended Petition for Temporary Restraining Order (ECF 16), Defendants Shellpoint and Wilmington's Dismissal Motion (ECF 20), and Plaintiff's Motion for Writ of Possession and Temporary Restraining Order (ECF 43).[1]  Having reviewed the parties' submissions and the law, the Court recommends that Plaintiff's request for injunctive relief and for writ of possession be denied, Defendants' Dismissal Motion be granted, and all claims in this case be dismissed with prejudice.[2]

---

[1] Plaintiff's Motion for Writ of Possession lists multiple parties as defendants that are not identified in his operative pleading (ECF 16) and have not been served.   To the extent the Motion was intended to be a motion for leave to amend to add new parties it is DENIED as untimely and futile.

[2]  The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.   ECF 27.   The Court has ruled that ECF 16 is Plaintiff's operative pleading in this case.

I. **Procedural Background**

Plaintiff, J.B. Black, initiated this case by filing "Plainitff'[s] Original [Petition] for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief" on November 16, 2023 in the 125th District Court of Harris County, Texas. ECF 1-1 at 3-12. Plaintiff alleges that on December 31, 2018 he borrowed $575,000[3] to purchase his house at 5810 Stratton Woods, Spring, Texas 77389 (the Property) and executed a promissory note and deed of trust to secure the loan. Plaintiff sued Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing (Shellpoint) and Wilmington Savings Fund Society, FSB (not in its individual capacity but solely as Trustee for IRP Fund II Trust 2A) (Wilmington), for injunctive and declaratory relief to avoid foreclosure on the Property. *Id.* Wilmington is the assignee of the deed of trust and Shellpoint is the loan servicer. ECF 20-2 at 9-10 (assignment to Wilmington); ECF 20-7 (Shellpoint notices of default). On January 4, 2024, Defendants removed the case to federal court based on diversity jurisdiction. ECF 1. This Memorandum and Recommendation disposes of Plaintiff's request for injunctive relief and Defendants' Dismissal Motion under Rule 12(c). The matters have been fully briefed and are ripe for determination.

---

[3] The deed of trust reflects the loan amount was actually $517,500.00. ECF 20-1 at 3.

**II. Plaintiff's Amended Application for Injunctive Relief.**

**A. Injunction Standards**

Federal Rule of Civil Procedure 65(b) authorizes a federal court to issue a preliminary injunction or temporary restraining order (TRO) and the same four-part test applies for determining whether to issue either. *New England Payments, Inc. v. Credit Wholesale Co., Inc.*, No. 5:24-CV-004-H, 2024 WL 718167, at *4 (N.D. Tex. Jan. 12, 2024) (citing *Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021)). To be awarded a preliminary injunction or TRO a plaintiff must clearly show: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction is in the public interest. *Id.*; *see also Garza v. Starr Cnty.*, 309 F. Supp. 3d 454, 456 (S.D. Tex. 2018) (quoting *Speaks v. Kruse*, 445 F.3d 396, 399 (5th Cir. 2006)); *Smith v. Tarrant Cnty. Coll. Dist.*, 670 F. Supp. 2d 534, 537 (N.D. Tex. 2009) (citing *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)). The Court considers each of the four elements, but the first two, likelihood of success and irreparable injury to the movant, are the most significant in the analysis. *New England Payments, Inc.*, 2024 WL 718167, at *4 (citing *Louisiana v. Becerra*, 20 F.4th 260, 262 (5th Cir. 2021)). A TRO is an extraordinary remedy that should never be granted as a right. *Winter v.*

*Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

### B. Plaintiff is not entitled to a TRO.

Plaintiff seeks a TRO, to be followed by a permanent injunction, "to restrain Defendant from taking any further foreclosure action to sell the Property." ECF 16 at 7-8. Plaintiff has not clearly established the required elements for obtaining injunctive relief. He has not demonstrated any likelihood of success on the merits. As discussed in Section III below, this case should be dismissed under Federal Rule of Civil Procedure 12(c). The record establishes that the Property was sold at foreclosure on December 5, 2023, and therefore Plaintiff cannot demonstrate a threat of imminent harm. ECF 20-4. No foreclosure sale is pending and subject to being enjoined. For the same reason, denial of an injunction would cause Plaintiff no harm. The public interest factor is at best neutral. *See Belknap v. Bank of Am., N.A.*, No. CIV.A. G-12-198, 2012 WL 3150271, at *3 (S.D. Tex. Aug. 1, 2012) (holding public interest was a neutral factor because plaintiffs and defendants were the only parties affected by the issuance of a preliminary injunction). In sum, Plaintiff's Petition and Motion for a TRO should be DENIED.

### III. Defendants' Rule 12(c) Motion

#### A. Legal Standards

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. PRO. 12(c). Rule 12(c)

provides a mechanism for resolving cases in which the material facts are not in dispute and the court can render a judgment by looking only at the pleadings and judicially noticed facts. *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020). The standard for dismissal under Rule 12(c) is the same as the standard under Rule 12(b)(6). *Id.* Therefore, to survive a motion to dismiss under Rule 12(c), a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take

judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). The Court considers the documents attached to Defendants' Motion because they are either public documents appropriate for judicial notice or referenced in and central to Plaintiff's claims. ECF 20-1 – 20-9.

### B. Plaintiff's pleading fails to state a claim that is plausible on its face.

Plaintiff's operative pleading asserts causes of action for declaratory relief, injunctive relief, breach of contract, and violation of Texas Property Code § 5.065. ECF 16. Because Plaintiff is proceeding pro se, the Court construes his pleading liberally, but he "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). He has not done so.

### 1. Plaintiff's breach of contract claim should be dismissed.

The essential elements of a breach of contract claim under Texas law are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by

the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.—Houston [14th Dist.] 2005, pet. denied). Plaintiff alleges that Defendant failed to give proper notices (ECF 16 ¶¶ 11-12), failed to properly record transfers and assignments (ECF 16 ¶ 20), and failed to provide an accurate, itemized payoff statement (ECF 16 ¶¶ 31, 37). Plaintiff fails to allege that he either performed or tendered performance under the promissory note and deed of trust. *See* ECF 16. Because Plaintiff cannot establish that he performed or tendered performance under the promissory note and deed of trust, his breach of contract claim must be dismissed.

### 2. Plaintiff's claim for violation of the Texas Property Code should be dismissed.

Plaintiff asserts that Defendants violated § 5.065 of the Texas Property code by failing to give proper notices of default and acceleration of the debt. ECF 16 ¶¶ 44-45. Even if Plaintiff's allegations were true, he could not state a claim under § 5.065 because that section of the statute applies to "contracts for deed." *See* TEX. PROP. CODE § 5.065 (providing that "a purchaser in default *under an executory contract for the conveyance of real property* may avoid the enforcement of a remedy described by Section 5.064 by complying with the terms of the contract on or before the 30th day after the date notice is given under that section." (emphasis added)); *Santarose v. Deutsche Bank Nat'l Tr. Co.*, No. 4:19-CV-00567, 2020 WL 13669040,

7

at *3 (S.D. Tex. Apr. 7, 2020) (holding that a loan agreement is not a contract for deed covered by § 5.065 and noting that "contract for deed, unlike a typical secured transaction involving a deed of trust, is a financing arrangement that allows the seller to maintain title to the property until the buyer has paid for the property in full." (quoting *Morton v. Nguyen*, 412 S.W.3d 506, 509–10 (Tex. 2013))). Therefore, Plaintiff's claim for violation of § 5.065 of the Texas Property Code should be dismissed.

### 3. Any claim for violation of Texas Property Code Chapter 51 or wrongful foreclosure should be dismissed and Plaintiff's Motion for Writ of Possession should be denied.

Construing Plaintiff's pleading liberally, it is possible to read Plaintiff's pleading as asserting claims for violation of the notice provisions of Texas Property Code Chapter 51 or common law wrongful foreclosure. Both claims fail.

Section 51.002 sets forth required procedures for conducting foreclosure sales. Violations of § 51.002 are not the basis for an independent, private cause of action, but provide a basis for alleging defects in the foreclosure proceedings as required to prove a claim for wrongful foreclosure. *Palomino v. Wells Fargo Bank, N.A.*, No. 615CV00375RWSKNM, 2017 WL 989300, at *3 (E.D. Tex. Feb. 17, 2017) (holding that § 51.002 does not provide plaintiffs with a private right of action but is construed as a wrongful foreclosure claim), report and recommendation adopted, No. 615CV00375RWSKNM, 2017 WL 978930 (E.D. Tex. Mar. 14, 2017);

*Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-CV-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) (construing § 51.002 claim as a wrongful foreclosure claim. Therefore, any independent claim for violations of § 51.002 should be dismissed.

Plaintiff has also failed to state a plausible claim for wrongful foreclosure. The elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Bridges v. Bank of New York Mellon*, No. CV H-17-1429, 2018 WL 836061, at *10 (S.D. Tex. Feb. 12, 2018) (citations omitted). Even if Plaintiff could show defects in the foreclosure proceedings, he cannot establish the second and third elements. Plaintiff has not alleged that the property was sold for a grossly inadequate selling price. *See* ECF 16. The record reflects that the Property was sold for $800,000.00. ECF 20-4 at 2. The loan amount was $517,500.00. ECF 20-1 at 3. The total payoff amount as of December 7, 2023 was $753.642.30. ECF 20-5 at 8. The Harris County Appraisal District appraised the Property as of January 1, 2023 at $955,203.[4] Thus, the third party purchaser at the foreclosure sale paid approximately 83.75% of the latest appraised value. "A grossly inadequate price would have to be so little as 'to shock a correct mind.'" *Martins v. BAC Home*

---

[4] The Court takes judicial notice of public records available at https://hcad.org/property-search/real-property/real-property-search-by-address (last visited March 15, 2024).

*Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Courts in Texas generally find that a sales price over 60% of fair market value is not grossly inadequate. *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 813 (N.D. Tex. 2012) (citing *FDIC v. Blanton*, 918 F.2d 524, 531–32 (5th Cir.1990)). Therefore, Plaintiff's claim for wrongful foreclosure must be dismissed.

A "writ of possession" is a form of process under Texas law that is employed to give possession of real property to the person entitled to it and is an appropriate means to enforce an order of foreclosure in favor of a purchaser. *Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 815 (5th Cir. 2018). Plaintiff has failed to allege facts demonstrating that he holds a superior title to the Property than the purchaser at foreclosure. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. 2001) (holding that a plaintiff in a suit to quiet title or trespass to try title suit "must prove and recover on the strength of his own title, not the weakness of his adversary's title"). The Court has already ruled that Plaintiff cannot state a claim for wrongful foreclosure. Because Plaintiff cannot state a plausible claim that he is entitled to possess the property, Plaintiff's Motion for Writ of Possession must be denied.

### 4. Plaintiff's claims for declaratory and injunctive relief and attorney's fees should be dismissed.

As noted above in connection with Plaintiff's TRO, Plaintiff is not entitled to an injunction preventing foreclosure because the foreclosure sale has already occurred. *Dick v. Colorado Hous. Enterprises, L.L.C.*, 872 F.3d 709, 713 (5th Cir.

2017) (appeal of denial of preliminary injunction is moot after foreclosure sale because the court "simply cannot enjoin that which has already taken place." (quoting *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998)); *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 791 (5th Cir. 2018) (holding that issues related to injunctive relief were moot because the property had already been sold to a third party at a foreclosure sale.). In addition, declaratory judgments and injunctions are forms of relief that must be based on a valid underlying cause of action. *Hellas Constr., Inc. v. Beynon Sports Surfaces, Inc.*, No. A-19-CV-00377-LY, 2019 WL 4254307, at *4 (W.D. Tex. Sept. 6, 2019) (holding that a plaintiff "must establish a substantive underlying claim in order for the Court to award declaratory or injunctive relief"(citations omitted)), report and recommendation adopted, No. 1:19-CV-377-LY, 2019 WL 11553742 (W.D. Tex. Oct. 21, 2019). Therefore, dismissal of Plaintiff's breach of contract claim requires dismissal of his claim for declaratory and injunctive relief. Similarly, dismissal of Plaintiff's breach of contract claim and his status as a pro se plaintiff require dismissal of his claim for attorney's fees. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019) (holding that to recover attorney's fees under section 38.001, a party must prevail on a cause of action for which fees are recoverable and recover damages); TEX. CIV. PRAC. & REM. CODE § 38.002(a) (stating that to recover attorney fees the claimant must be represented by an attorney.)

### C. Plaintiff should not be granted leave to amend.

Generally, a district court provides pro se litigants an opportunity to amend the complaint before dismissing it with prejudice. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). However, leave to amend is unnecessary if plaintiffs have pled their best case after having been apprised of the deficiencies in their pleading, or if amendment would be futile. *Id.* Here, Plaintiff has been permitted to amend once, and he has not provided any reason why he should be permitted to file another amended pleading. Based on the records properly before Court in connection with the Rule 12(c) Motion, and on Plaintiff's numerous, immaterial, and frivolous filings, which the Court has stricken from the record under Rule 12(f), the Court finds it would be futile to grant leave to amend in this case.

### IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendants' Rule 12(c) Motion for Dismissal be GRANTED, and Plaintiff's claims be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking

the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 02, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge